(No. 94-CC-3085—

*In re* APPLICATION OF JANET DRURY

*Opinion filed August 16, 1994.*

GALLAGHER, KLEIN & BRADY (DANIEL J. BERENS, of counsel), for Claimant.

ROLAND W. BURRIS, Attorney General (CHAD D. FORNOFF, Assistant Attorney General, of counsel), for Respondent.

## OPINION

Frederick, J.

This claim is before the Court by reason of the death of James D. Drury, who was chief of police of the Village of Shabbona, Illinois. Chief Drury's widow, Janet Drury, seeks compensation pursuant to the terms and provisions of the Law Enforcement Officers and Firemen Compensation Act. 820 ILCS 315/1, *et seq.*

The Court has carefully considered the claim for death benefits submitted herein, together with the written statements of the mayor of Shabbona, Illinois, Dr. Robert Purdy, the family physician of Chief Drury and the documentation submitted therein, the autopsy report, the order of heirship, the coroner's certificate of death, the police report, and the report of the Attorney General. Pursuant to the order of heirship, the applicant, Janet Drury is entitled to benefits as the only other heir is an adult daughter.

The record reveals that on December 10, 1993, in the late evening and the early morning of December 11, 1993, the decedent, James D. Drury, responded to a call concerning a domestic dispute in progress within the Village of Shabbona. When Chief Drury arrived at the scene, the husband and wife engaged in a verbal confrontation with him. When county deputies arrived, Chief Drury was informed of an outstanding warrant on the husband, and the husband was arrested. When Chief Drury returned to his squad car, he began having difficulty breathing. One of the deputies recommended calling an ambulance, but Chief Drury requested that he be taken to the residence of Dr. Purdy, who lived only a few blocks away. Chief Drury had suffered asthma attacks in the past when exposed to cats, and Dr. Purdy had successfully treated him for these attacks in emergency situations. Chief Drury

was exposed to cats only minutes earlier when making the arrests at the domestic disturbance.

Before Dr. Purdy could retrieve medication from his house, Chief Drury collapsed on the driveway and rescue attempts to revive him were not successful. Chief Drury was pronounced dead at 1:00 a.m. on December 11, 1993. The decedent died within one year of the injuries he sustained from an accidental cause. The certificate of death indicates that the cause of death was respiratory failure due to an acute asthma attack.

Chief Drury is survived by his wife, Janet Drury, and an adult daughter so that the Claimant herein is the sole beneficiary of any benefits payable under the Law Enforcement Officers and Firemen Compensation Act. 820 ILCS 315/1, *et seq.*

We find that there is nothing in the circumstances to indicate that Chief Drury's death was caused by willful misconduct or intoxication. We further find that the foregoing circumstances fall within the terms and provisions of the Law Enforcement Officers and Firemen Compensation Act, *supra*, and the facts reported herein comply with the requirements for an award under the Act. Chief James D. Drury was killed in the line of duty. Because of the listed cause of death, the Attorney General did an extensive investigation and concluded the decedent was killed in the line of duty. We concur.

It is therefore ordered that the claim of Janet Drury, the surviving spouse of Chief James D. Drury, be, and the same is hereby allowed, and Claimant is hereby awarded the amount of $50,000, pursuant to the Law Enforcement Officers and Firemen Compensation Act.